IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| HERBERT L. BIGGINS, # 08146-021, ) | Civil Action No. 3:07-1417-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| M. L. RIVERA, WARDEN; AND ) | |
| STEVEN LABIER, UNIT MANAGER, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendants. ) | |
| ) | |

    Plaintiff, Herbert L. Biggins, filed this action on May 21, 2007.[1] At the time he was an inmate at the Federal Correctional Institution in Estill, South Carolina ("FCI-Estill"). Defendants are Mildred Rivera ("Rivera"), the Warden of FCI-Estill and Steven LaBier ("LaBier"), a Unit Manager at FCI-Estill. Defendants filed a motion to dismiss or in the alternative for summary judgment on November 5, 2007. Plaintiff, because he is proceeding pro se, was advised on November 7, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss or for summary judgment could result in the dismissal of his action. Plaintiff filed a response on November 29, 2007.

DISCUSSION

    Plaintiff appears to allege Bivens[2] claims. In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(e) and (f), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

[2] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).

of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982). Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in Bivens actions and vice versa. Farmer v. Brennan, 511 U.S. 825 (1994); see also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Osabutey v. Welch, 857 F.2d 220, 221-223 & n. 5 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 & n. 2 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).

Plaintiff alleges that his constitutional rights were violated on May 18, 2005, when Defendant LaBier allegedly used excessive force against him. He also claims that he was threatened and verbally harassed to prevent him from pursuing his administrative remedies after the incident. Additionally, Plaintiff claims that his constitutional rights were violated because he reported the incident to other staff members, but they, including Rivera, covered up the alleged use of excessive force/assault.

Defendants contend that their motion to dismiss or for summary judgment should be granted because: (1) Plaintiff failed to exhaust his available administrative remedies against Defendant Rivera;[3] (2) Plaintiff fails to state a claim against Rivera; (3) Plaintiff fails to establish an Eighth

---

[3] Defendants concede that Plaintiff exhausted his available administrative remedies as to LaBier.

Amendment violation; (4) verbal abuse does not state a constitutional claim; (5) supervisory liability does not provide a cause of action against Defendant Rivera; (6) this court lacks jurisdiction over Plaintiff's claims against Defendants in their official capacities; and (7) Defendants are entitled to qualified immunity.

1. <u>Failure to Exhaust Administrative Remedies</u>

Defendants contend that Plaintiff failed to exhaust his administrative remedies as to his allegations that Defendant Rivera was involved in a coverup of the alleged assault. The BOP has a three-tiered administrative grievance process. <u>See</u> 28 C.F.R. § 542.10 <u>et seq</u>. An inmate may complain about any aspect of his confinement by first seeking to informally resolve the complaint at the institution level. 28 C.F.R. § 542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint to the warden. 28 C.F.R. § 542.14. The matter will be investigated, and a written response provided to the inmate. <u>Id.</u> If dissatisfied with the response, the inmate may appeal to the Regional Director. 28 C.F.R. § 542.15(a). If dissatisfied with the regional response, the inmate may appeal to the General Counsel. <u>Id.</u> Appeal to the General Counsel is the final level of agency review. 28 C.F.R. § 542.15(a). A claim has not been administratively exhausted until it has been filed with the General Counsel. Administrative complaints must be filed within 20 days of the date of incident giving rise to the complaint occurred. 28 C.F.R. § 542.14(a).

Plaintiff has not shown that he has exhausted his administrative remedies as to his claims against Rivera. Tami Rippon, an attorney for the BOP, states that she conducted a diligent search of the administrative remedy records maintained by the BOP and found that Plaintiff has not

exhausted his administrative remedies with respect to his claims against Defendant Rivera. Rippon Aff., Para. 2 (Defendants' Ex. 3).

    2.    <u>Excessive Force Claim</u>

Plaintiff alleges that Defendant LaBier assaulted him and used excessive force against him on June 9, 2006. He claims that while he was signing a document at the Unit Secretary's desk, Defendant LaBier came up from behind him and pushed him into a cement wall. Plaintiff alleges that LaBier was shouting "Get out, Get out." He claims that he suffered pain in his chest and shoulders as a result of the incident. Afterwards, Plaintiff walked out of the office. Defendants deny that LaBier assaulted Plaintiff or used excessive force against him.[4] They contend that Plaintiff fails to establish an Eighth Amendment claim because any injury he received was de minimis and he fails to show that LaBier acted sadistically and maliciously for the sole purpose of causing harm.

Determination of whether cruel and unusual punishment has been inflicted on a prisoner in violation of the Eighth Amendment requires analysis of subjective and objective components. <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 302 (1991). First, the objective portion of an excessive force claim requires a prisoner to show that the injury inflicted was sufficiently serious. Although a plaintiff need not show a significant injury, <u>see</u> <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992), the Fourth

---

[4] LaBier states that on June 9, 2006, he observed a number of inmates gathered in the B Unit office hallway, speaking in loud voices and not dressed appropriately, as is required to be in the staff office area. LaBier made an announcement for inmates to clear the hallway, wait outside the doorway, and enter the hallway one at a time. He also advised all inmates who were not dressed appropriately to leave and come back in the proper attire before entering the staff office area. After LaBier escorted several inmates to the door of the BA side of the unit, he turned and observed Plaintiff entering the secretary's office wearing a t-shirt and pair of shorts hanging down around his hips. LaBier entered the office and told Plaintiff that he was not dressed appropriately and needed to leave and get dressed in the proper attire before entering staff offices. He claims that Plaintiff ignored him and he had to repeat the order before Plaintiff acknowledged it and left the office area. LaBier states that he never physically assaulted Plaintiff. LaBier Declaration, Para. 2.

Circuit, in Norman v. Taylor, 25 F.3d 1259 (4th Cir. 1994), cert. denied, 513 U.S. 1114 (1995), held that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Norman v. Taylor, 25 F.3d at 1263. Because de minimis injury may serve as evidence that de minimis force was used, an excessive force claim should not lie where a prisoner's injury is de minimis. See id. at 1262-63. With only de minimis physical injury, a prisoner may only recover if the challenged conduct resulted "in an impermissible infliction of pain" or was otherwise "of a sort repugnant to the conscience of mankind." Id. at 1263 n. 4. The Fourth Circuit has explained:

> We recognize that there may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in the impermissible infliction of pain. In these circumstances, we believe that either the force will be "of a sort repugnant to the conscience of mankind," and thus expressly outside the de minimis force exception, or the pain itself will be such that it can properly be said to constitute more than de minimis injury.

Id. at 1263, n. 4.

Plaintiff fails to show that his injuries were anything more than de minimis. Review of his medical records reveal that he did not seek medical care on or about the date of the alleged incident. The records indicate that he did not seek any medical treatment until July 31, 2006, nearly two months after the alleged incident. On that date, an Inmate Injury Assessment and Followup report was completed by medical staff because Plaintiff reported to the Health Services Department that he injured his right rotator cuff while lifting weights. Thereafter, Plaintiff returned to medical on several occasions complaining about a right shoulder injury from lifting weights. Defendants' Ex. 7 (Excerpts of Plaintiff's Medical Records).

Defendants' use of force was de minimis. See e.g., Norman v. Taylor, 25 F.3d at 1262-64 (keys swung at inmate's face which struck his thumb was de minimis force); Gavin v. Ammons, 21 F.3d 430, 1994 WL 117983 (7th Cir. April 6, 1994)[Table](guard's pulling of inmate's hair was de minimis force); Calabria v. Dubois, 23 F.3d 394, 1994 WL 209938 (1st Cir. May 24, 1994)[Table](radio belt thrown at face of inmate causing blood to appear was de minimis force); White v. Holmes, 21 F.3d 277, 280-81 (8th Cir. 1994)(keys swung at inmate which slashed his ear was de minimis force); Jackson v. Pitcher, 966 F.2d 1452, 1992 WL 133041 (6th Cir. June 16, 1992)[Table](guard's stomp on the hand of inmate was de minimis force), cert. denied, 506 U.S. 1024 (1992); Black Spotted Horse v. Else, 767 F.2d 516, 517 (8th Cir. 1985)(corrections officer's pushing a cubicle wall so as to strike plaintiff's legs, brusque order to inmate and poking inmate in the back was de minimis force); see also Roberts v. Samardvich, 909 F. Supp. 594 (N.D.Ind. 1995)(grabbing inmate, pushing him up the stairs toward his cell, and placing him in cell cuffed, shackled, and secured to the door was de minimis force under the circumstances); McMiller v. Wolf, 1995 WL 529620 (W.D.N.Y. August 28, 1995)(snatching inmate's mirror, breaking it against cell bars and thereby lacerating inmate's finger was de minimis force); Crow v. Leach, 1995 WL 456357 (N.D.Cal. July 28, 1995)(corrections officer's pushing inmate into chair causing his shoulder to break window behind him was de minimis force; Jackson v. Hurley, 1993 WL 515688 (N.D.Cal. November 23, 1993)(blow to back of neck with forearm and kick to the ankle of inmate were de minimis force); DeArmas v. Jaycox, 1993 WL 37501 (S.D.N.Y. February 8, 1993), aff'd, 14 F.3d 591 (2d Cir. 1993)(corrections officer's punching inmate in arm and kicking inmate in leg was de minimis force); Olson v. Coleman, 804 F. Supp. 148, 150 (D.Kan. 1992)(single blow to head of handcuffed inmate was de minimis force); Candelaria v. Couglin, 787 F. Supp. 368, 374-75

6

(S.D.N.Y. 1992)(fist pushed against neck of inmate causing him to lose his breath was de minimis force), aff'd, 979 F.2d 845 (2d Cir. 1992); Neal v. Miller, 778 F. Supp. 378, 384 (W.D.Mich. 1991)(backhand blow with fist to the groin of inmate was de minimis force); Ramos v. Hicks, 1988 WL 80176 (S.D.N.Y. July 25, 1988)("bent wrist comealong hold" or single punch not unreasonable or excessive where inmate ignored repeated order, became agitated, and attempted to damage state property); Anderson v. Sullivan, 702 F. Supp. 424, 426 (S.D.N.Y. 1988)(corrections officer's pulling inmate's arms behind back, lifting them up and forcing inmate's face into cell bars was de minimis force).

Plaintiff's injuries were de minimis. Thus, Plaintiff has not met the objective component of his excessive force case and has not shown that Defendants violated his Eighth Amendment rights.

3.   Verbal Threat

Plaintiff appears to allege that he was verbally threatened and harassed. Defendants contend that Plaintiff fails to show that any alleged verbal harassment rises to the level of a constitutional violation.[5]

Plaintiff fails to show that any verbal harassment or threats violated his constitutional rights. Verbal abuse of inmates by guards, without more, fails to state a claim under § 1983. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(disrespectful and assaultive comments did not violate Eighth Amendment); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993)(verbal threats and name

---

[5]Plaintiff also alleges that he advised Lieutenant Karjala (another FCI-Estill correctional officer) of the alleged assault and Karjala used threats and intimidation in an attempt to persuade Plaintiff not to file a complaint against LaBier. Plaintiff has not named Karjala as a defendant in this action.

Plaintiff also alleges that other staff members harassed and intimidated him. He has not identified these staff members and has not named them as defendants in this action.

7

calling are usually not actionable under § 1983); Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992); Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)(sheriff's idle threat to hang a prisoner did not give rise to a § 1983 claim); Lamb v. Hutto, 467 F. Supp. 562 (E.D.Va. 1979)(verbal assaults and threats do not state a constitutional claim actionable under § 1983).

    4. Fifth Amendment Rights

Plaintiff alleges that his Fifth Amendment due process rights were violated as a result of Defendant "Rivera's failure to take any action or to ascertain that the plaintiff shall not be subject to cruel and unusual punishment at the hands of any of defendant Rivera's employees...Rivera acted with deliberate indifference towards the plaintiff, by her action or lack of action in as[c]ertaining that the plaintiff may not be subject of any further assaultive or other conduct unbecoming of an employee..." Complaint at 4-5. Defendants contend that Plaintiff fails to cite any case law to support his conclusory allegation that his Fifth Amendment rights were violated. They contend that Plaintiff's claims are more appropriately characterized as Eighth Amendment claims because Plaintiff alleges that Rivera acted with deliberate indifference towards Plaintiff.

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. See Board of Regents v. Roth, 408 U.S. 564, 570 (1972). Thus, the first step in analyzing a procedural due process claim is identifying whether the alleged deprivation impacts such a protected interest. See Beverati v. Smith, 120 F.3d 500, 502 (4th Cir.1997); Mallette v. County Employees' Supplemental Ret. Sys. II, 91 F.3d 630, 634 (4th Cir.1996). Here, Plaintiff's claim fails because he has not shown that any failure to investigate impacted any of his protected interests.

    5. Supervisory Liability

Defendant Rivera contends that she cannot be held liable on a theory of supervisory liability because she was not the Warden at FCI-Estill at the time of the alleged assault or when Plaintiff filed his administrative remedy request. The doctrine of respondeat superior generally is inapplicable to § 1983 and Bivens actions, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982); Wright v. Smith, 21 F.3d 496 (2d Cir. 1994); and Howard v. Federal Bureau of Prisons, 1999 WL 798883, 198 F.3d 236 (4th Cir. 1999)[Table]. Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985).

Here, Plaintiff fails to show that Defendant Rivera should be held liable pursuant to a theory of supervisory liability. Defendant Rivera was not the Warden at FCI-Estill at the time of the alleged assault. She was not Warden at FCI-Estill at the time Plaintiff filed his administrative remedy setting forth the allegations that he was assaulted by LaBier and she did not become Warden at FCI-Estill until January 7, 2007. The administrative remedy response as to Plaintiff's allegations of staff misconduct was investigated by and signed by the former Warden at FCI-Estill. Defendants' Ex. 2 and 4.

6. Official Capacity Claims

Defendants contend that this court lacks subject matter jurisdiction to hear Plaintiff's claims against Defendants in their official capacities. This court lacks subject matter jurisdiction

9

as to Plaintiff's Bivens claims against Defendants in their official capacities. The United States cannot be sued without its consent, and consent is a prerequisite to a suit against the United States. United States v. Mitchell, 463 U.S. 206, 212 (1983). The United States has not consented to suit under the Bivens doctrine. The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States as defendants. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985); cf. Hawaii v. Gordon, 373 U.S. 57, 58 (1963). Claims against Defendants in their official capacities are barred by the doctrine of sovereign immunity. See Hagemeier v. Block, 806 F.2d 197, 202 (8th Cir. 1986), cert. denied, 481 U.S. 1054 (1987); Gilbert, 756 F.2d at 1458.

      7.     Qualified Immunity

Defendants also argue that they are entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

 8. State Law Claims

Plaintiff may be attempting to assert a claim for assault under South Carolina law. As Plaintiff fails to show that Defendants violated his rights under federal law (as discussed above), only his state law claim would remain. Thus it is also recommended, pursuant to 28 U.S.C. § 1367(c)(3), that any remaining state law claims be dismissed.

## CONCLUSION

Based on review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 20) be granted.

    Respectfully submitted,

    s/Joseph R. McCrorey
    United States Magistrate Judge

April 16, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).