IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Herbert L. Biggins, #08146-021,                                         ) | C/A No.: 3:07-1417-JFA-JRM |
|                                                   ) | |
|                             Plaintiff,            ) | |
|           vs.                                     ) | O R D E R |
|                                                   ) | |
| M.L. Rivera, Warden; and Steven LaBier,           ) | |
| Unit Manager,                                     ) | |
|                                                   ) | |
|                             Defendants.           ) | |
| _____ ) | |

The *pro se* plaintiff, Herbert L. Biggins, is an inmate at the Federal Correctional Institution in Estill, South Carolina. The plaintiff initiated this action claiming a violation of his constitutional rights under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1]

Specifically, the plaintiff claims that defendant LaBier allegedly used excessive force against him, that he was threatened and verbally harassed to prevent him from pursing his administrative remedies, and that the defendants covered up the alleged use of excessive force.

The Magistrate Judge assigned to this action[2] has prepared a comprehensive Report

---

[1] In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal official cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. However, case law involving § 1983 claims is applicable to *Bivens* actions and vice versa.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate

1

and Recommendation wherein he suggests that the defendants' motion for summary judgment[3] be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on April 16, 2008. Neither party has filed objections[4] to the Report within the prescribed time limits.

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, the defendants' motion for summary judgment is granted.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

May 27, 2008
Columbia, South Carolina

---

Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[3] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

[4] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).